Dissenting Opinion.
DeBlano, J.
The voluntary declaration of an accused party, made to, received and certified by a judge or magistrate, “ shall he evidence before the grand and petit jury.” These are the words of the law; they *757 are not restrictive ; and — to hold that they mean “ evidence for exclusively the State, against exclusively the accused is to restrict — howsoever plausibly — their clear and indivisible meaning.
If the only evidence which the prisoner is allowed and induced to give, can be used but against him and when he confesses the commission of a crime, and never in his favor, when it tends to disprove or justify the commission, is he not — indirectly aj least — and under that construction of law — impelled, by a legislative artifice, to become a State witness and to give evidence against himself ?
His unsworn declaration may be entitled to little or no credit, may be invariably suspected ; but — nevertheless—that which, in his own defence, he could not be denied the privilege of stating orally, he can state in writing to the jury. Otherwise, no prisoner can be induced or expected to make a voluntary declaration, to unsheath a weapon, the handle of which would always be in the grasp of the prosecuting attorney, and the point to his breast.
I respectfully dissent from the opinion and decree of the majority.
Make, J. I concur in this.
Rehearing refused.